**E-FILED**
Thursday, 06 August, 2015  10:18:32 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DAVID MUNDELIUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 13-3348 |
| | ) | |
| JAMES BETTIS, | ) | |
| | ) | |
| Defendant. | ) | |

## SUMMARY JUDGMENT OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se, brought the present lawsuit

pursuant to 42 U.S.C. § 1983 alleging a violation of his Fourth

Amendment rights.  The matter comes before this Court for ruling

on the Defendant's Motion for Summary Judgment.  (Doc. 30).  For

the reasons discussed below, the motion is granted.

## LEGAL STANDARD

Summary judgment should be granted "if the movant shows

that there is no genuine dispute as to any material fact and the

movant is entitled to judgment as a matter of law."  Fed. R. Civ. P.

56(a).  All facts must be construed in the light most favorable to the

non-moving party, and all reasonable inferences must be drawn in

his favor.  *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010).
The party moving for summary judgment must show the lack of a
genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S.
317, 323 (1986). In order to be a "genuine" issue, there must be
more than "some metaphysical doubt as to the material facts."
*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586
(1986).  "Only disputes over facts that might affect the outcome of
the suit under the governing law will properly preclude the entry of
summary judgment."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,
248 (1986).

## FACTS

In September 2012, Plaintiff was released from the custody of
the Illinois Department of Corrections and began serving a term of
Mandatory Supervised Release ("MSR").  As a condition of MSR,
Plaintiff was to have no contact with an individual identified as "C.
Mundelius," who the parties identify as Plaintiff's ex-wife.

On January 24, 2013, Plaintiff's parole officer, Defendant
Bettis, received a telephone call from an officer at the Wood Dale
Police Department.  According to the officer, Plaintiff's ex-wife had
reported that she and her daughter had received a telephone call at

approximately 6:00 a.m. that morning.  The caller did not speak

and hung up the phone.  Plaintiff's ex-wife told police that she

called the number back and identified Plaintiff by his voice.

Defendant Bettis confirmed that the telephone number displayed on

the Caller ID was the telephone number for the residence where

Plaintiff was located at that time.  Based on this information,

Defendant Bettis applied for, and was granted, a warrant for

Plaintiff's arrest for failure to comply with the terms of his MSR.

Plaintiff was taken into custody shortly thereafter.

## ANALYSIS

The Fourth Amendment protects "[t]he right of the people to be

secure in their persons, houses, papers, and effects, against

unreasonable searches and seizures."  U.S. CONST. amend. IV.  In

general, a search or seizure is reasonable where "there is probable

cause to believe that a criminal offense has been or is being

committed."  Devenpeck v. Alford, 543 U.S. 146, 152 (2004).

Parolees, however, have a more limited liberty interest than other

citizens, and a seizure may occur where the law enforcement officer

has reasonable suspicion of criminal activity, or violation of the

terms of parole.  Knox v. Smith, 342 F.3d 651, 657 (7th Cir. 2007)

(citing <u>U.S. v. Knights</u>, 534 U.S. 112, 121 (2001)).  The reasonable suspicion standard requires "'something less than probable cause but more than a hunch,' which exists when there is some 'objective manifestation' that a person is, or is about to be, engaged in prohibited activity."  <u>Id.</u> at 659 (quoting <u>U.S. v. Lenoir</u>, 318 F.3d 725, 729 (7th Cir. 2003)). Reasonable suspicion is "a fact-specific inquiry that looks at the totality of the circumstances in light of common sense and practicality." <u>U.S. v. Richmond</u>, 641 F.3d 260, 262 (7th Cir. 2011); <u>see also</u> <u>Gibbs v. Lomas</u>, 755 F.3d 529, 537 (7th Cir. 2014) (noting that probable cause to arrest is also a totality-of-the-circumstances inquiry). "[P]robable cause (and, by analogy, reasonable suspicion) is normally a mixed question of law and fact, but where . . . one side concedes the other's facts as to what happened, it is a question of law." <u>Knox</u>, 342 F.3d at 657 (citing <u>Smith v. Lamz</u>, 321 F.3d 680, 684 (7th Cir. 2003)).  Therefore, the Court must determine whether the facts, taken in a light most favorable to Plaintiff, show that Defendant Bettis requested the warrant without reasonable suspicion to believe that Plaintiff had violated the terms of his MSR.

The facts available to Defendant Bettis at the time he applied for the warrant were as follows:  (1) the terms of Plaintiff's MSR prohibited contact with Plaintiff's ex-wife; (2) Plaintiff's ex-wife had reported to the Wood Dale Police Department that, at approximately 6:00 a.m. on January 24, 2013 (Thursday), Plaintiff had attempted to contact her and her daughter via telephone; (3) the ex-wife provided the telephone number from which the call originated, which matched the number Plaintiff had provided to his parole officers; and, (4) Plaintiff had previously been convicted of the crime of Violating an Order of Protection.  Plaintiff disputes only that the intended recipient of his phone call was his daughter, a person with whom the terms of his MSR do not prohibit contact.

Even if the Court assumes that Plaintiff's assertion is true, Defendant Bettis had a reasonable basis upon which to apply for the issuance of a warrant.  That Plaintiff placed the call in question is not disputed, nor is the fact that Wood Dale Police officers told Defendant Bettis that Plaintiff's ex-wife was at the police station alleging that Plaintiff had attempted to contact her and her daughter.  Most importantly, Defendant Bettis was able to confirm that the number from which the call originated was the number

that belonged to Plaintiff.  While Plaintiff contends that Defendant Bettis should have obtained a copy of the Wood Dale Police incident report prior to applying for the warrant, there is no requirement for Defendant Bettis to have done so.  Law enforcement officers are permitted to rely on reasonably trustworthy information in determining whether reasonable suspicion exists.  Cf. Kelley v. Myler, 149 F.3d 641, 646 (7th Cir. 1998) (probable cause exists when officers have reasonably trustworthy information that a crime has been committed).  Here, Defendant Bettis had no reason to question the reliability of the statements from the Wood Dale police, and his decision to act quickly does not create constitutional liability.

The Court finds that the facts, when viewed in a light most favorable to Plaintiff, show that Defendant Bettis had reasonable suspicion to believe that Plaintiff had violated, or was attempting to violate, the terms of his parole.  Therefore, Defendant Bettis is entitled to judgment as a matter of law.

**IT IS THEREFORE ORDERED:**

1) **Defendants' Motion for Summary Judgment is GRANTED [30].  The clerk of the court is directed to enter judgment in favor of the Defendants and against Plaintiff.  All**

pending motions are denied as moot, and this case is terminated, with the parties to bear their own costs.

2) **If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a)(4).  A motion for leave to appeal in forma pauperis MUST identify the issues the Plaintiff will present on appeal to assist the court in determining whether the appeal is taken in good faith. <u>See</u> Fed. R. App. P. 24(a)(1)(c); <u>see also</u> <u>Celske v Edwards</u>, 164 F.3d 396, 398 (7th Cir. 1999)(an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a reasonable assessment of the issue of good faith."); <u>Walker v O'Brien</u>, 216 F.3d 626, 632 (7th Cir. 2000)(providing that a good faith appeal is an appeal that "a reasonable person could suppose...has some merit" from a legal perspective). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.**

ENTERED:      August 5, 2015

FOR THE COURT:


_____
       *s/ Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE